[640 NYS2d 250]

In the Matter of CHARLES T. KOOP, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 1, 1996

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Thomas J. Spellman, Jr.,* Smithtown, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this Court on October 22, 1941.

In this proceeding, the respondent is charged with three allegations of professional misconduct. The Special Referee did not sustain the charges, finding that although the respondent admitted all of the factual allegations, the respondent's conduct did not violate the specific Disciplinary Rules cited in the charges. The petitioner has moved to confirm the report of the Special Referee insofar as the Special Referee found that the factual allegations had been proven, and to disaffirm the report of the Special Referee insofar as the Special Referee found there was no violation of the Disciplinary Rules. The respondent seeks to confirm the findings of the Special Referee insofar as the Special Referee found that the respondent is not guilty of professional misconduct.

Charge One alleged that the respondent is guilty of neglecting a legal matter entrusted to him and of failing to carry out a contract of employment entered into with a client in violation of Code of Professional Responsibility DR 6-101 (A) (3) and DR 7-101 (A) (2) (22 NYCRR 1200.30, 1200.32). In or about October 1986, Ann J. Gallinaro was the operator of a car which was involved in an automobile collision. In or about the early part of 1987, Timothy Perry brought an action against Ann J. Gallinaro. An action was also brought by Louis Palomeque, Administrator of the Estate of Anna J. Cardinale, against Ann J. Gallinaro. Ann J. Gallinaro was represented in the primary actions by an attorney retained for her by her insurance company. In or about the early part of 1987, the respondent was retained by Ann J. Gallinaro to bring a counterclaim against Timothy Perry. The respondent failed to properly do so.

Charge Two alleged that the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and which adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3). In or about April 1993, the primary actions (as referred to in Charge One) were tried. Thereafter, the respondent assured Ann J. Gallinaro and Tony Gallinaro that he was negotiating a settlement of the purported counterclaim. The respondent knew or should have known that, by making such assurances, his actions would serve to mislead his client as to the true status of this matter.

Charge Three alleged that the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit or misrepre-

sentation which adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (4) and (8) by providing a false and misleading answer to a complaint of professional misconduct and by providing false and misleading testimony to inquiries made by the petitioner during its investigation of that complaint. On or about July 30, 1993, Ann J. Gallinaro filed a complaint against respondent with the Grievance Committee for the Tenth Judicial District. In his answer to Mrs. Gallinaro's complaint, dated September 29, 1993, the respondent stated that a counterclaim was filed for $100,000. At an appearance before Counsel to the Grievance Committee, on December 28, 1994, the respondent affirmed that he had served the counterclaim on plaintiff's attorney.

Based on the respondent's admissions, we find that the Special Referee erred in not sustaining the three charges of misconduct. Accordingly, the petitioner's motion is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have taken into account numerous factors, including the respondent's 55 years as a member of the New York State Bar, and the statements of character witnesses who testified in support of the respondent. Based on the record before us it is the decision of this Court that the respondent be censured for his misconduct.

Mangano, P. J., Bracken, Balletta, Rosenblatt and Miller, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Charles T. Koop, is censured for his professional misconduct.